UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLISON CORNIA,

    Plaintiff,

  v.

CROSSOVER MARKET LLC,

    Defendant.

Case No.  21-cv-1087

NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Crossover Market LLC ("Crossover" or "Defendant"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of this action from the Superior Court of Washington In and For the County of King, where it is originally captioned, to the United States District Court for the Western District of Washington.

Defendant states the following in support of removal:

**PROCEDURAL BACKGROUND**

1.    On July 15, 2021, Plaintiff Allison Cornia ("Plaintiff"), a Vice President employed by Defendant, initiated this action against Defendant by serving her complaint on Defendant's registered agent, Corporation Service Company, by personal service. A copy of Plaintiff's

NOTICE OF REMOVAL - 1
*Cornia v. Crossover Market LLC, No. 21-cv-1087*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

1  Summons and Complaint is attached hereto as **Exhibit A**. Plaintiff's Summons and Complaint are captioned in the Superior Court of Washington In and For the County of King. Although Plaintiff has not yet filed her Complaint in King County Superior Court, Defendant's time to remove is triggered by simultaneous service of the summons and complaint. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325, 143 L.Ed.2d 448, 455 (1999).

3. Plaintiff's Complaint sets four causes of action, alleging that Defendant (1) discriminated against her by "failing to give her the opportunity to apply for the promotion to CMO, and failing to offer her the role of CMO" in violation of the Washington Law Against Discrimination ("WLAD"); (2) retaliated against her in violation of the WLAD "for reporting . . . gender discrimination to HR"; (3) "created, maintained, perpetuated, and permitted a hostile work environment to exist" based on gender in violation of the WLAD; and (4) failed to pay for hours worked beyond 40 hours in violation of the Washington Minimum Wage Act.

**GROUNDS FOR REMOVAL**

4. Pursuant to 28 U.S.C. § 1332(a), this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs is between – (1) citizens of different States[.]"

5. "Plaintiff is an individual residing in King County, Washington." (Compl. at ¶1). Plaintiff is therefore a citizen of Washington for diversity purposes.

6. Defendant is a Nevada limited liability company. The only member of Crossover Market, LLC is Crossover Markets, Inc., a Delaware corporation. In examining whether complete diversity is present, the citizenship of a limited liability company is determined by examining the citizenship of the owners/members. *See Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of

NOTICE OF REMOVAL - 2
*Cornia v. Crossover Market LLC, No. 21-cv-1087*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

which its owners/members are citizens"). Defendant is therefore a citizen of Delaware for diversity purposes.

7. Based on the citizenship of the parties, there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1).

8. Although Plaintiff's Complaint does not allege a specific dollar amount, Defendant has a good faith belief that the amount in controversy exceeds $75,000. Plaintiff is seeking, among other things, "an award of economic damages including past and future lost compensation," "an award of economic damages under RCW 49.48 and RCW 49.52" and "emotional distress damages in an amount to be proven at trial." (Compl. at V.). *See* LCR 101(a); *see also Michels v. Geico Ins. Agency, Inc.*, 2012 U.S. Dist. LEXIS 165111, at *6-7 (W.D. Wa. Nov. 19, 2012) (amount-in-controversy requirement satisfied where defendant had good faith belief, based on claims asserted in complaint, that Plaintiff sought more than $75,000).

9. Additionally, Plaintiff also seeks "an award of Plaintiff's attorney's fees and costs." (See Section V.) The Ninth Circuit has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interests and costs' *and therefore includes attorneys' fees.*" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (emphasis added). Courts have noted that in individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum, especially when a plaintiff's claims, like those here, are unlikely to be immediately resolved. *See*, *e.g.*, *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("The Court notes that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the damages"); *Haase v. Aerodynamics, Inc.*, 2009 U.S. Dist. LEXIS 96563, 14-15 (E.D. Cal. Oct. 16, 2009) (finding that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum").

NOTICE OF REMOVAL - 3
*Cornia v. Crossover Market LLC, No. 21-cv-1087*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

Here, Defendant reasonably believes that Plaintiff's counsel attorneys' fees combined with Plaintiff's other requested relief will exceed $75,000.00.

10. Therefore, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Defendant was served with the Summons and Complaint on July 15, 2021, through service on a registered agent. Therefore, the Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b) because Defendant filed it within thirty (30) days of receipt of the initial pleading through service or otherwise.

12. Because Defendant is the sole defendant in this action, no other defendant is required to consent to this removal.

13. In accordance with 28 U.S.C. § 1446(a), a copy of "all process, pleadings, and orders" served on or received by Defendant in this action are attached at Exhibit A. There are no pending motions in the underlying state court matter. Defendant will also file a Verification of State Court Records, as required by LCR 101(c).

14. Upon the filing of this Notice of Removal in the United States District Court for the Western District of Washington, written notice of removal will be given to Plaintiff. Defendant will promptly serve on Plaintiff and file with the Superior Court of Washington In and For the County of King, a Notice of Filing of Notice of Removal to Federal Court, as required by 28 U.S.C. § 1446(d). A copy of the notice, without exhibits, is attached hereto as Exhibit B.

**INTRADISTRICT ASSIGNMENT**

15. Pursuant to 28 U.S.C. § 1441(a), assignment to the United State District Court for the Western District of Washington, Seattle Division is proper because Plaintiff filed this Action

NOTICE OF REMOVAL - 4
*Cornia v. Crossover Market LLC, No. 21-cv-1087*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

in the Superior Court of Washington In and For the County of King. Additionally, assignment to the Seattle Division of the Court is appropriate pursuant to LCR 3(d) since Plaintiff worked for Defendant in King County, and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in King County.

## RESERVATION OF RIGHTS

16. This Notice of Removal is filed subject to and with the full reservation of all rights and defenses under federal or state law, including but not limited to defenses and objections to forum, venue, improper service and personal jurisdiction. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim for relief or have any merit, or that Plaintiff is entitled to or otherwise may recover any of the amounts described above.

WHEREFORE, Defendant Crossover, respectfully requests that the above action, now pending before the Superior Court of Washington In and For the County of King, be removed to the United States District Court for the Western District of Washington, and that no further proceedings be had in this case in the Superior Court of Washington In and For the County of King.

Dated on this Friday, August 13, 2021:

SEBRIS BUSTO JAMES

 s/ Jeffrey A. James
Jeffrey A. James, WSBA #18277
jaj@sebrisbusto.com

 s/ Matthew R. Kelly
Matthew R. Kelly, WSBA #48050
mkelly@sebrisbusto.com

NOTICE OF REMOVAL - 5
*Cornia v. Crossover Market LLC*, No. 21-cv-1087

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

Attorneys for Defendant


SHEPPARD MULLIN RICHTER & HAMPTON LLP

 s/ Stephen E. Fox
Stephen E. Fox
TX Bar No. 07337260 (*Pro hac vice* forthcoming)
sfox@sheppardmullin.com

 s/ Dan Syed
Dan Syed
TX Bar No. 24098493 (*Pro hac vice* forthcoming)
dsyed@sheppardmullin.com

2200 Ross Ave, 20th Floor
Dallas, TX 75201
(469) 391-7400

Attorneys for Defendant

NOTICE OF REMOVAL - 6
*Cornia v. Crossover Market LLC, No. 21-cv-1087*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com

**Certificate of Service**

I certify that, on August 13, 2021, this document was served upon the persons listed below in the manner shown:

Attorneys for Plaintiff:

| | |
|---|---|
| Matthew J. Campos, WSBA No. 40777<br>Avi J. Lipman, WSBA No. 37661<br>McNaul Ebel Nawrot & Helgren PLLC<br>600 University Street, Suite 2700<br>Seattle, Washington 98101<br>mcampos@mcnaul.com<br>alipman@mcnaul.com | ☒ By First Class U.S. Mail<br>☐ By Messenger<br>☐ By email, per agreement with counsel<br>☒ Via ECF Electronic Service<br>☐ Other: _____ |

s/ *Jeffrey A. James*
Attorney for Defendant

NOTICE OF REMOVAL - 7
*Cornia v. Crossover Market LLC, No. 21-cv-1087*

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233 | sebrisbusto.com